IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| TRI-LYNX CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 4:24-cv-3019 |
| SEAFLO MARINE & RV NORTH AMERICA, LLC, | § § § | |
| Defendant. | § § § § | |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
**FOR TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION**

The Complaint of Tri-Lynx Corporation (hereinafter "Tri-Lynx" or "Plaintiff"), appearing herein through the undersigned counsel, represents to the Court as follows:

### PARTIES

1.      Plaintiff, Tri-Lynx, is a Texas corporation, having an address of 391 E Las Colinas Blvd., Suite 130, Box 632, Irving, Texas 75039.

2.      Defendant, Seaflo Marine & RV North America, LLC (hereinafter "Seaflo" or "Defendant") is, on information and belief, an Illinois limited liability company having a business address of 3602 W. Sample Street, South Bend, Indiana 46619.  Seaflo may be served by summons directed to Seaflo Marine & RV North America, LLC, c/o John Kosowski, Registered Agent, 2001 W 21st St, Broadview, Illinois 60155-4632.

### NATURE OF THE ACTION; JURISDICTION OF THE COURT

3.      This is an action for trade dress infringement and unfair competition.  This action arises under the Texas Business & Commerce Code, the Trademark Act of 1946, as amended, 15

U.S.C. § 1051 *et seq*. ("the Lanham Act"), federal common law, and state common law, including the law of the State of Texas.

4.       This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims because those claims are so related to the federal claims that they form part of the same case and controversy.

5.       This Court has personal jurisdiction over Seaflo because, *inter alia*, Seaflo is doing business in the State of Texas, including in this District.  As discussed in more detail below, (i) Seaflo has advertised, promoted, offered for sale, sold, and/or distributed, and continues to advertise, promote, offer for sale, sell, and/or distribute, infringing products to its customers and/or potential customers located throughout the United States, including in the State of Texas and in this District, including through its website, (ii) Seaflo's tortious acts giving rise to this lawsuit and harm to Tri-Lynx have occurred and are occurring in the State of Texas, including in this District, (iii) on information and belief, Seaflo acted with knowledge that its unauthorized use of Tri-Lynx's rights would cause harm to Tri-Lynx in the State of Texas and in this District, and (iv) Seaflo's customers and/or potential customers reside in the State of Texas, including in this District.

6.       Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

## PLAINTIFF, ITS BUSINESS, AND ITS MARKS

7.       Tri-Lynx has continuously engaged in the development, manufacture, and sale of automobile and recreational vehicle accessories, including leveling blocks for mobile homes, recreational vehicles, and trailers.  Tri-Lynx created a unique, distinctive, and non-functional Trade Dress to use with its LYNX LEVELERS branded leveling blocks.  Tri-Lynx has extensively and continuously promoted and used this Trade Dress since at least as early as 1992 in the United States and abroad, including to customers in the State of Texas.

8.      Through that extensive and continuous promotion and use, the Tri-Lynx Trade Dress has become a well-known indicator of the origin and quality of Tri-Lynx's leveling blocks. Tri-Lynx's Trade Dress has also acquired substantial secondary meaning in the marketplace.

9.      Tri-Lynx has invested significant resources in the design, development, manufacture, advertising, and marketing of the leveling blocks bearing this Trade Dress.  The Trade Dress has also received widespread and unsolicited public attention.

10.     As a result of at least Tri-Lynx's continuous and exclusive use of its distinctive Trade Dress associated with its leveling blocks, Tri-Lynx's marketing, advertising, and sales of the leveling blocks, and the highly valuable goodwill and substantial secondary meaning acquired as a result, Tri-Lynx owns certain rights in the Trade Dress which consumers have come to uniquely associated with Tri-Lynx.

11.     Exemplary images of Tri-Lynx's Trade Dress associated with its leveling blocks, including use of the Trade Dress on product packaging, are shown below:



12.     The Tri-Lynx LYNX LEVELERS Trade Dress comprises square leveling blocks combining (a) four raised interlocking pegs with spokes extending from a central shape in each peg, (b) a web structure connecting the four raised pegs, (c) a square-shaped outline that is at least

partially open, with one or more open geometric shapes formed by adjoining border walls throughout the design, and (d) an overall bright orange color (the "LYNX LEVELERS Trade Dress" or the "Tri-Lynx Mark").

13.     Tri-Lynx has extensively promoted its goods offered under the LYNX LEVELERS Trade Dress and takes particular care to highlight the LYNX LEVELERS Trade Dress in advertising and marketing efforts for both its leveling block products and related products and accessories.  For example, since at least 2015, Tri-Lynx has marketed its leveling blocks bearing the LYNX LEVELERS Trade Dress using the trademark slogan "Look for the Orange…Look for Lynx."  Examples of such intentional marketing are shown in the below images:





14.     Further, another example of such use on product packaging is shown below:



15.     As a result of such efforts, the Tri-Lynx Mark is recognized as a designation of the quality goods offered by Tri-Lynx, and Tri-Lynx has developed considerable goodwill in the LYNX LEVELERS Trade Dress.  The LYNX LEVELERS Trade Dress is a valuable asset of Tri-Lynx.

16.     In view of the extensive and continuous use of the LYNX LEVELERS Trade Dress, consumers have come to associate the LYNX LEVELERS Trade Dress as a source identifier for Tri-Lynx, and Tri-Lynx owns trademark rights in this mark.

## PLAINTIFF'S FEDERAL TRADEMARK RIGHTS

17.     Tri-Lynx owns two federal trademark registrations and a pending trademark application for the combined elements of or individual aspects of its LYNX LEVELERS Trade Dress.  In particular, Tri-Lynx owns U.S. Trademark Registration No. 4661746, for "RV leveling blocks in the nature of plastic wheel chocks" in International Class 20, claiming a first use in commerce of February 1, 1992.  Tri-Lynx filed the underlying application on March 26, 2013, and it matured to registration on December 30, 2014.

18.     Tri-Lynx also owns U.S. Trademark Registration No. 5941100, for "wheel levelers and wheel chocks made of plastic" in International Class 20, claiming a date of first use in commerce of February 1, 1992.  Tri-Lynx filed the underlying application on January 23, 2018, and it matured to registration on December 24, 2019.

19.     Tri-Lynx also filed a use-based trademark application, U.S. Application Serial No. 98351032, for "wheel levelers made of plastic; wheel chocks made of plastic" in International Class 20, claiming a date of first use in commerce of February 1, 1992.  The application was filed on January 1, 2024, and is presently pending at the United States Patent and Trademark Office.

20.     Images of the drawings of the two registrations and pending application are shown below:




Drawing of Reg. No. 4661746          Drawing of Reg. No. 5941100



Drawing of App. No. 98351032

21.     Information on the above-referenced trademark application and registrations is attached as **Exhibit A**.

## GENERAL ALLEGATIONS – DEFENDANT'S UNLAWFUL ACTIVITIES

22.     On information and belief, since around 2023, Seaflo has purposefully advertised, promoted, offered for sale, sold, and/or distributed, and continues to advertise, promote, offer for sale, and/or distribute products that violate Tri-Lynx's rights in the LYNX LEVELERS Trade Dress.   On information and belief, Seaflo is also making such infringing products in and/or importing such infringing products into the United States.   Seaflo's infringing products are confusingly similar imitations of Tri-Lynx's LYNX LEVELERS Trade Dress used with identical goods sold to the same consumers.  For example, they have the same orange color, same function, same size, same stackability, same shape, and similar grid-shape design.  Seaflo's actions have all been without the authorization of Tri-Lynx.

23.     Exemplary images of the infringing products are shown below:



24.     The infringing products are confusingly similar to the LYNX LEVELERS Trade Dress and/or are a colorable imitation of the LYNX LEVELERS Trade Dress.  However, Seaflo is not and never has been affiliated with Tri-Lynx.

25.     On February 29, 2024, Tri-Lynx, through outside trademark counsel, sent a letter to Seaflo demanding that it immediately cease and desist from any further actual or proposed use of the LYNX LEVELERS Trade Dress in connection with leveling blocks.  A copy of the letter is attached as **Exhibit B**.  Seaflo responded through outside counsel on April 2, 2024, that it would change the color of its leveling block away from orange after all current inventory was sold only if Tri-Lynx would retract its complaint with Amazon regarding the sale of these infringing products against one of Seaflo's sellers.  A copy of the response letter is attached as **Exhibit C**. Otherwise, Seaflo refused to take any action to mitigate likely confusion based on Tri-Lynx's demands.  Tri-Lynx sent a response letter on April 23, 2024, responding to assertions made by Seaflo's attorney and outlining proposed terms to mitigate confusion.  A copy of Tri-Lynx's response letter is attached as **Exhibit D**.  Tri-Lynx has received no further response from Seaflo or its outside trademark counsel since its letter dated April 23, 2024, and the infringing products are still being actively sold by Seaflo on multiple platforms, including Wal-Mart, Amazon, Ebay, Alibaba, and Seaflo's own website and/or through its authorized sellers.  The facts and assertions set forth in Exhibits B and D are incorporated herein by reference.

26.     The infringing products are the same size as a Tri-Lynx LYNX LEVELERS leveling block and can be stacked atop a Tri-Lynx leveling block due to the shape of the interlocking pegs on the infringing products.  Thus, a former purchaser of Tri-Lynx's LYNX LEVELERS product who mistakenly purchases the infringing products would be able to interlock functionally the infringing products with that customer's existing leveling blocks bearing the

LYNX LEVELERS Trade Dress. Exemplary images of the infringing products stacked atop LYNX LEVELERS leveling blocks are shown below:





27.     For comparison, an exemplary image of the LYNX LEVELERS leveling blocks stacked atop the infringing products, where the two products do not and cannot interlock functionally, is shown below:



28.     Seaflo uses the colors orange and blue as a prominent part of its logo and in close association with the sale of the infringing products, as shown below:



29.     This orange and blue color scheme is reminiscent of the LYNX LEVELERS Trade Dress, Tri-Lynx's advertising and marketing efforts surrounding the LYNX LEVELERS products, and the blue packaging and carrying cases that Tri-Lynx products bearing the LYNX LEVELERS Trade Dress are sold in.  A consumer looking to purchase (or repurchase) Tri-Lynx's LYNX LEVELERS leveling blocks could see these similarities and be confused about the true product being purchased.  Exemplary images of Tri-Lynx's marketing and advertising materials and packaging for its LYNX LEVELERS leveling blocks are shown below for reference.





30.     Multiple third-party distributors have actually used images of Tri-Lynx's leveling blocks bearing the LYNX LEVELERS Trade Dress, presumably taken from Tri-Lynx's authorized sales platforms, during the course of marketing and selling Seaflo's infringing products.   Two examples are shown below:

**Example 1:**



➢ An image of Seaflo's infringing products being offered for sale on AliExpress.

➢ An image of Tri-Lynx's LYNX LEVELERS products bearing the LYNX LEVELERS Trade Dress on an advertisement for Seaflo's products.

➢ The above advertisement also includes an image taken directly from Tri-Lynx's product pages on Amazon, simply with the word "LYNX" and a description box removed. Tri-Lynx's true Amazon page is shown below for comparison purposes:



**Example 2:**



➢ This third-party seller on Temu again uses images of Tri-Lynx's LYNX LEVELERS Trade Dress, that were presumably taken from Tri-Lynx's authorized advertising and marketing materials, while selling Seaflo's infringing products.

31.     Seaflo also sells leveling blocks in the UK through the website located at seaflo-uk.com.   This UK website sells bright yellow leveling blocks under the brand name LYNX.  Exemplary images of these products are shown below:



32.     While these leveling blocks are different from the infringing products sold in the U.S., Seaflo's use of the mark LYNX is not authorized and indeed infringes Tri-Lynx's UK trademark rights in UK Registration No. UK009000651505 for the mark LYNX LEVELERS in connection with "levelling devices in the nature of plastic, stackable blocks for use in connection with vehicles" in International Class 9.  Tri-Lynx also actively sells its LYNX LEVELERS in the UK, as shown through the below Amazon UK sales page:



33.     An overview of Tri-Lynx's other LYNX-branded products currently offered through Amazon UK are shown below, all of which feature important elements of the LYNX LEVELERS Trade Dress.





34.     Seaflo's use of the LYNX mark in connection with the sale of leveling blocks in the UK was not unauthorized by Tri-Lynx and it is another example of Seaflo's deliberate disregard for Tri-Lynx's trademark rights.

35.     Tri-Lynx used its LYNX LEVELERS Trade Dress extensively and continuously long before Seaflo began advertising, promoting, selling, offering to sell, or distributing its infringing products.   Moreover, the LYNX LEVELERS Trade Dress has acquired secondary meaning in the United States and in the State of Texas generally before Seaflo commenced unlawful use of the infringing products.

36.     Seaflo's use of the infringing trade dress in connection with its goods allows Seaflo to receive the benefit of the goodwill and recognition built up at great labor and expense by Tri-Lynx in the LYNX LEVELERS Trade Dress and allows Seaflo to gain acceptance for its goods based not solely on Seaflo's own merits, but also on the reputation and goodwill of Tri-Lynx.

37.     Seaflo's use of the infringing products constitutes an invasion of valuable property rights of Tri-Lynx in the LYNX LEVELERS Trade Dress and in the attendant goodwill in a manner that unjustly enriches Seaflo.

38.     Seaflo's use of products that are confusingly similar to the LYNX LEVELERS Trade Dress places the valuable reputation and goodwill of Tri-Lynx in the hands of Seaflo, over whom Tri-Lynx has no control.

39.     The above-mentioned activities of Seaflo are likely to cause confusion, or to cause mistake, or deceive customers and potential customers of Tri-Lynx, at least as to affiliation, approval, or sponsorship.  Further, Seaflo's use of the LYNX LEVELERS Trade Dress has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Tri-Lynx for which Tri-Lynx has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Tri-Lynx's LYNX LEVELERS Trade Dress, Tri-Lynx's products, and Tri-Lynx.

40.     As discussed above and set forth in the counts below, Seaflo's actions are unfair and unlawful.

## COUNT I

### TRADE DRESS INFRINGEMENT & UNFAIR COMPETITION UNDER § 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

41.     Tri-Lynx realleges and incorporates the allegations set forth in paragraphs 1 through 40 as though fully set forth herein.

42.     Seaflo's infringing activities referenced above violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43.     Tri-Lynx's federal trade dress rights referenced in paragraphs 17 to 21 above are valid, subsisting, uncancelled, and unrevoked.

44.     Tri-Lynx's federally registered trade dress in U.S. Trademark Registration No. 4661746 has become incontestable under the provisions of 15 U.S.C. § 1065.

45.     Tri-Lynx has continuously used the LYNX LEVELERS Trade Dress in United States commerce since at least 1992, long before Seaflo's earliest use of the infringing products.

46.     Notwithstanding Tri-Lynx's established rights in the LYNX LEVELERS Trade Dress, Seaflo has sold products and used the LYNX LEVELERS Trade Dress and/or a colorable imitation of same in interstate commerce in connection with the sale and offering for sale of the infringing products.

47.     Seaflo uses the LYNX LEVELERS Trade Dress and/or a colorable imitation of the LYNX LEVELERS Trade Dress with the infringing products, which are identical to the goods Tri-Lynx sells under the LYNX LEVELERS Trade Dress.

48.     Seaflo's unauthorized and wrongful use of the LYNX LEVELERS Trade Dress and/or a coloroable imitation of the LYNX LEVELERS Trade Dress is likely to cause, and has likely caused, confusion, deception, and mistake by creating the false and misleading impression that Seaflo's infringing products are associated or connected with Tri-Lynx, or have the sponsorship, endorsement, or approval of Tri-Lynx, and as such constitutes infringement under 15 U.S.C. § 1125(a).

49.     Moreover, Tri-Lynx has no control over the quality of products offered for sale or sold by Seaflo, with the result that Tri-Lynx's valuable goodwill with respect to its LYNX

LEVELERS Trade Dress has been, and is being, irreparably damaged by Seaflo's acts complained of herein.

50.     Seaflo does not have, nor has it ever had, the right or authority to use Tri-Lynx's LYNX LEVELERS Trade Dress.

51.     Upon information and belief, Seaflo has not made any bona fide noncommercial or fair use of the LYNX LEVELERS Trade Dress.

52.     As a result of Seaflo's infringement and unfair competition, Tri-Lynx has suffered and will continue to suffer loss of income, profits, and goodwill and Seaflo has and will continue to unfairly acquire income, profits, and goodwill.

53.     Upon information and belief, Seaflo's infringing activities have been intentional, willful, and malicious.  Seaflo's bad faith is evidenced by at least the similarity of the infringing products to Tri-Lynx's LYNX LEVELERS Trade Dress and by Seaflo's continuing disregard for Tri-Lynx's rights after being put on notice of the same.

54.     Unless enjoined, Seaflo will continue to cause a likelihood of confusion and deception among members of the public and, additionally, injury to Tri-Lynx's goodwill and reputation as embodied in the LYNX LEVELERS Trade Dress, for which Tri-Lynx has no adequate remedy at law.

55.     Seaflo has caused, and is likely to continue causing, substantial injury to the public and to Tri-Lynx, and Tri-Lynx is entitled to injunctive relief and to recover at least Seaflo's profits, Tri-Lynx's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

## COUNT II

## COMMON LAW TRADE DRESS INFRINGEMENT & UNFAIR COMPETITION UNDER TEXAS LAW

56.     Tri-Lynx realleges and incorporates the allegations set forth in paragraphs 1 through 55 as if fully set forth herein.

57.     Seaflo's infringing activities set forth above constitute common law trade dress infringement and unfair competition under Texas Law.

58.     Since at least 1992, Tri-Lynx has made exclusive use of the LYNX LEVELERS Trade Dress in conjunction with goods produced, sold, or sponsored by Tri-Lynx.

59.     Both Tri-Lynx and Seaflo are engaged in trade and commerce in the State of Texas.

60.     Seaflo's use of the LYNX LEVELERS Trade Dress and/or a colorable imitation in connection with the infringing products has caused and is likely to continue causing confusion, deception, and mistake by creating the false and misleading impression that Seaflo's competing products offered for sale are affiliated with, endorsed by, or approved by Tri-Lynx.

61.     Seaflo's infringing activities are likely to cause confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Seaflo's products by their use of the LYNX LEVELERS Trade Dress and/or a colorable imitation of the LYNX LEVELERS Trade Dress.

62.     On information and belief, Seaflo's infringing activities have been intentional, willful, and malicious.  Seaflo's bad faith is evidenced by at least the similarity of the infringing products to Tri-Lynx's LYNX LEVELERS Trade Dress and by Seaflo's continuing disregard for Tri-Lynx's rights after being put on notice of the same.

63.     Seaflo's conduct has caused, and if not enjoined will continue to cause, irreparable damage to Tri-Lynx for which Tri-Lynx has no adequate remedy at law.

64.     As a result of Seaflo's acts, Tri-Lynx has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, Tri-Lynx is entitled to injunctive relief, to an accounting of Seaflo's profits, to damages, and to costs.

65.     Seaflo's conduct as described herein has been willful, wanton, reckless, and in violation of Tri-Lynx's rights. In light of Seaflo's bad faith use of the LYNX LEVELERS Trade Dress, and the need to deter Seaflo from similar conduct in the future, Tri-Lynx additionally is entitled to punitive damages.

## DEMAND FOR JURY TRIAL

66.     Tri-Lynx hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Tri-Lynx respectfully prays for:

(a)     Judgment that Seaflo, its partners, agents, servants, employees, attorneys, successors, assigns, related companies, and those acting in concert with them and/or any of them, have (i) infringed Tri-Lynx's LYNX LEVELERS Trade Dress and engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; and (ii) engaged in common law unfair competition and misappropriation and has been unjustly enriched at Tri-Lynx's expense, and judgment that all of these wrongful activities by Seaflo were willful;

(b)     An injunction against further infringement of Tri-Lynx's LYNX LEVELERS Trade Dress, further acts of unfair competition, misappropriation, and unjust enrichment by Seaflo, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the infringing products, or any other

products that use a copy, reproduction, or colorable imitation of Tri-Lynx's LYNX LEVELERS Trade Dress pursuant to at least 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.104;

(c)     An Order directing the destruction of (i) all infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of Tri-Lynx's LYNX LEVELERS Trade Dress in Seaflo's possession or control, (iii) all plates, molds, or other means of making the infringing products in Seaflo's possession, custody, or control, and (iv) all advertising and marketing materials related to the infringing products in Seaflo's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

(d)     An award of Seaflo's profits, Tri-Lynx's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

(e)     Such other further relief as this Court deems just and proper.


Dated:          August 13, 2024               Respectfully Submitted,

                                              /s/ John C. Cain
                                              John C. Cain
                                              Attorney in Charge
                                              State Bar No. 00783778
                                              Southern District Bar No. 15620
                                              Email: JCain@MunckWilson.com

                                              Melissa S. LaBauve
                                              State Bar No. 24036589
                                              Southern District Bar No. 385315
                                              Email: MLaBauve@MunckWilson.com

                                              Steven G. Spears
                                              State Bar No. 18898150
                                              Southern District Bar No. 15094
                                              Email: SSpears@MunckWilson.com

Munck Wilson Mandala LLP
1330 Post Oak Blvd, Suite 2850
Houston, TX 77056
(832) 615-2744 Telephone
(832) 615-2776 Facsimile

ATTORNEYS FOR PLAINTIFF
TRI-LYNX CORPORATION